**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4174
_____

UNITED STATES OF AMERICA

v.

ISMAEL LOPEZ,
                                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00329-001)
District Judge: Honorable Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)

June 13, 2014

Before: AMBRO and BARRY, <u>Circuit</u> <u>Judges</u>, and RESTANI,[1] <u>Judge</u>.

(Opinion Filed: June 18, 2014)
_____

OPINION
_____

RESTANI, <u>Judge</u>

   Appellant Ismael Lopez was charged with and convicted of five counts stemming

from a drug transaction involving an undercover police officer: (1) distribution of heroin;

---

[1] The Honorable Jane A. Restani, Judge of the United States Court of International Trade,
sitting by designation.

(2) possession of heroin with intent to distribute; (3) possession of cocaine base with intent to distribute; (4) carrying a firearm during and in relation to a drug trafficking crime; and (5) possession of a firearm by a convicted felon. Lopez brings several challenges to his conviction. For the following reasons, we will affirm.[2]

Lopez first argues that the phrase "in furtherance of" in 18 U.S.C. § 924(c) (2012) is unconstitutionally vague. 18 U.S.C. § 924(c) provides in part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years.

The statute provides for three distinct offenses. An offender may: (1) "use" a firearm "during and in relation to" a crime of violence or drug trafficking crime; (2) "carry" a firearm "during and in relation to" a crime of violence or drug trafficking crime; or (3) "possess" a firearm "in furtherance of" a crime of violence or drug trafficking crime. See United States v. Williams, 344 F.3d 365, 370, 378 (3d Cir. 2003); United States v. Loney, 219 F.3d 281, 287 (3d Cir. 2000). The "in furtherance of" element applies only if the charge is for "possessing" a firearm. The indictment, jury instructions, and verdict form show that Lopez was convicted of carrying a firearm during and in relation to a drug trafficking crime. The "in furtherance of" requirement did not apply to this offense, and thus it is irrelevant whether that language would be considered impermissibly vague.

---

[2] The district court had jurisdiction under 18 U.S.C. § 3231 (2012). We have appellate jurisdiction under 28 U.S.C. § 1291.

Second, Lopez argues that there was insufficient evidence to show that he possessed a firearm in furtherance of a drug trafficking offense. Again, Lopez was not charged with or convicted of that offense. Whether the evidence would have supported a conviction for that offense has no bearing on his conviction for carrying a firearm during and in relation to a drug trafficking crime.

Finally, Lopez argues that the district court committed plain error by allowing DEA Special Agent Randy Updegraff to testify regarding the relationship between guns and drug trafficking. To succeed on a claim of plain error, "a defendant must establish an error that is plain, which affected his substantial rights, and which, if not rectified, would seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Ward, 626 F.3d 179, 183 (3d Cir. 2010). Lopez argues that this testimony violated Federal Rule of Evidence 704(b), which prohibits an expert from stating "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." Lopez additionally argues that Updegraff's testimony regarding the connection between guns and drug trafficking was unnecessary, as the connection easily could have been understood without the aid of expert testimony.

Updegraff testified that drug dealers often carry weapons to protect themselves, their money, and their drugs, while drug users rarely carry weapons. He also opined that the evidence in this case indicated that Lopez was a drug dealer, not a user. The testimony regarding weapons was limited to the general practice of drug dealers. Updegraff never stated that he knew Lopez, nor did he opine why Lopez specifically was

3

carrying a gun. Because Updegraff never drew the ultimate inference or conclusion for the jury about Lopez's intent in carrying a gun, the testimony was entirely in accord with Rule 704(b). United States v. Price, 458 F.3d 202, 211–12 (3d Cir. 2006). Regarding Lopez's argument that it was plain error to admit the expert testimony on the connection between guns and drug trafficking because it was "common sense," Lopez cites no authority for this proposition. This type of evidence is often used at trial precisely because jurors may not have familiarity with drug dealing. Accordingly, the court did not abuse its discretion to allow the expert opinion. See, e.g., id. at 212; United States v. Davis, 397 F.3d 173, 178–79 (3d Cir. 2005). Furthermore, Lopez has not developed any argument regarding how the admission of this evidence affected his substantial rights or the integrity of the proceedings apart from stating in a single sentence that "[t]he use of an expert in this circumstance amounts to bolstering." Appellant's Br. 22. We therefore reject the claim that the admission of this testimony constituted plain error warranting reversal.

For these reasons, we will affirm.